IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John Davis, III, #280481, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:05-1634-HMH-GSK |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| NFN Brooks, Corporal at Lieber ) | |
| Correctional Institution, sued in individual ) | |
| capacities, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] John Davis ("Davis"), proceeding pro se, filed an action under 42 U.S.C. § 1983 for alleged violation of his constitutional rights while incarcerated at Lieber Correctional Institution ("LCI"), a South Carolina Department of Corrections ("SCDC") facility. The Magistrate Judge concluded that Davis failed to exhaust his administrative remedies before bringing this suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and recommends that the court dismiss Davis's action without prejudice and without issuance and service of process. Davis filed objections. For

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the reasons stated below, the court adopts the Report and Recommendation of the Magistrate Judge and dismisses Davis's action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis filed his complaint on June 14, 2005. In his complaint, Davis seeks damages for an alleged constitutional violation by NFN Brooks ("Brooks"), in which Brooks allegedly used excessive force against Davis and injured Davis's hand. Davis claims that he filed an emergency grievance on April 19, 2005, but he never received a response. (Compl. at 2.) Magistrate Judge Kosko recommends dismissing the action because Davis has not exhausted the administrative remedies available to him.

## II. DISCUSSION

Davis filed objections to the Report and Recommendation on June 28, 2005. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that many of Davis's objections are unspecific, unrelated to the dispositive portions of the Report and Recommendation, and merely restate his claims. However, the court finds that Davis has raised two specific objections.

First, Davis asserts that, because he has filed an emergency grievance, the grievance coordinator must contact Davis within seven (7) days of receiving the grievance, and the warden must conduct an investigation, which they have failed to do. (Obj. at 1.) Construing the objection broadly, Davis argues that he has exhausted the grievance procedures available to him by waiting over seven days before filing his complaint, and that he should be permitted to proceed in the instant action. The court finds Davis's objection without merit.

The SCDC's Policy/Procedure manual sets forth prison policies addressing emergency grievances. The emergency grievance procedures are as follows:

> 14.1  An emergency will encompass, but is not limited to, situations, actions, or conditions in which any person's health, safety, or welfare is threatened or in serious danger. It is the responsibility of the grievant to demonstrate the factors creating the substantial risk of personal injury or other serious and irreparable harm. It is the responsibility of the Chief/designee, Inmate Grievance Branch, to determine if a substantial risk of serious harm is present and warrants the grievance being processed as an "emergency."
>
> 14.2  Once it is determined that the grievance is an emergency, it will be forwarded immediately to the Warden if resolution of the issue(s) is within the Warden's capability to provide. The Warden will conduct whatever investigation is deemed necessary and will respond to the inmate within no more than seven (7) days after receipt of the emergency grievance. If an emergency grievance involves the safety of an inmate, the Warden will take immediate steps to implement the appropriate precautions or temporary actions without waiting for an investigation to be conducted.
>
> 14.3  If a grievance is determined to be an emergency grievance which is not within the Warden's capability to resolve, it will be faxed without substantive review immediately to the Chief/designee, Inmate Grievance Branch, for review and further forwarding to the responsible official. The responsible official will conduct an investigation and will respond to the inmate within seven (7) days of receipt of the grievance. The response will be faxed by the Chief, Inmate Grievance Branch, to the Institutional Inmate Grievance Coordinator, who will deliver the response to the inmate and have him/her sign it acknowledging receipt.

> 14.4  If the grievance is determined not to be an emergency, it will be faxed to the Institutional Inmate Grievance Coordinator, who will note in his/her response that the grievance was not deemed to be emergency, and the grievance will then be routinely processed through the system as if it were a normal grievance.

SCDC Policy/Procedure GA-01.12, Inmate Grievance System (Nov. 1, 2004) ("Grievance Manual").  As detailed in § 14.1 of the Grievance Manual, the chief/designee of the Inmate Grievance Branch determines if the grievant has demonstrated that there is a "substantial risk of personal injury" or other "serious and irreparable harm" in deciding whether a grievance is an emergency grievance.  Hence, the grievant's designation that a grievance is an emergency does not necessitate that the grievance will be subjected to emergency procedures.  If the chief/designee of the Grievance Branch determines that the grievance is not an emergency, then, pursuant to § 14.1, the grievance is faxed to the Institutional Inmate Grievance Coordinator, who will process the grievance as if it were filed as a normal grievance.  The procedures do not require that the inmate be notified of this action.

Even if the grievance is deemed an emergency that the warden can address, the warden is not required to conduct an investigation if the warden deems an investigation unnecessary.  See Grievance Manual § 14.2.  Further, the warden may bypass an investigation to "take immediate steps to implement the appropriate precautions or temporary actions" to ensure an inmate's safety.  See id.

Davis argues that the filing of his grievance as an emergency, the subsequent failure by the grievance coordinator to contact him, and the warden's failure to investigate the claim constitute exhaustion of his available remedies.  However, the complaint illustrates that

Davis's situation was not an emergency, and Davis had to exhaust the normal administrative grievance procedures before bringing his claim, which Davis has not done.

Davis's complaint does not set forth an emergency scenario in which Davis is being subjected to "situations, actions, or conditions in which . . . [his] health, safety, or welfare is threatened or in serious danger." Grievance Manual § 14.1. Davis brought a claim for an alleged use of excessive force in which Davis's hand was injured. (Compl. at 4.) Davis is not seeking an injunction to address a condition which is currently harming him, or a condition that poses an imminent danger. Rather, he seeks damages for an alleged past injury. (Id. at 5.) Davis has not claimed, and there is no evidence in the record, that his grievance was determined to be an emergency and that it was forwarded to the warden for an investigation. Moreover, Davis has not alleged that the warden has failed to ensure his safety. Hence, the face of the complaint reflects that Davis's claim is one for which the normal grievance procedure is appropriate, and the court concludes that Davis's claim is being processed as a normal grievance.[2] Therefore, Davis's objection that he exhausted the administrative remedies available to him because his grievance was an "emergency" is without merit, and Davis must file a step two grievance to exhaust his administrative remedies.

Davis's second objection is that exhaustion of administrative remedies is not required in his case. This objection is without merit. The United States Supreme Court has specifically stated that excessive force claims are subject to the PLRA's exhaustion

---

[2]As a practical matter, if Davis's argument had merit, then any prisoner could bypass the entire grievance appeal system by merely writing "emergency grievance" on the face of any normal grievance, waiting seven days, and filing suit in federal court, all while the step one grievance was still being processed. This result is untenable.

5

requirement: "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Therefore, Davis's second objection is without merit, and, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.[3]

Therefore, it is

**ORDERED** that Davis's § 1983 action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                         s/ Henry M. Herlong, Jr.
                                         United States District Judge

Greenville, South Carolina
July 15, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3]Because Davis had an opportunity to respond to the Magistrate Judge's sua sponte assertion that Davis failed to exhaust his administrative remedies, and it is apparent from the complaint and Davis's objections that Davis failed to exhaust his available administrative remedies, the court's dismissal of this action complies with the Fourth Circuit's recent holding in Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005).